UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Earl Leatherberry,   Case No. 22-CV-2699 (MJD/ECW)

   Petitioner,

v.   **REPORT AND RECOMMENDATION**

Jesse Pugh, Warden,

   Respondent.

Petitioner Robert Earl Leatherberry was convicted after a jury trial in state court on one count of first-degree criminal sexual conduct. *See State v. Leatherberry*, No. A16-0731, 2017 WL 1549969, at *1-3 (Minn. Ct. App. May 1, 2017). Leatherberry now seeks to challenge that conviction through a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This Court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concludes that the petition is untimely. Accordingly, the habeas petition should be summarily denied and this matter dismissed.

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Three of the § 2244(d)(1) subprovisions are irrelevant to this matter. Leatherberry does not allege that he has at any time been prevented by State action from filing a habeas petition previously;[1] none of his claims rely upon a constitutional right that was only recently recognized by the Supreme Court of the United States; and the factual predicate of each of Leatherberry's claims would have been known to him by no later than the conclusion of his direct appeal. *See* Pet. Ex. at 1-8 (addendum to petition setting forth

---

[1] In fact, Leatherberry *did* previously file a habeas petition challenging the same conviction and sentence. *See Leatherberry v. Titus*, No. 18-CV-1987 (DSD/DTS) (D. Minn. filed July 16, 2018). Because that petition was dismissed without prejudice for failure to exhaust state remedies, Leatherberry's habeas petition now pending before the Court is not "second or successive" for purposes of § 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

claims for relief). Under § 2244(d)(1)(A), then, Leatherberry had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to seek habeas relief, with any time during which a petition for postconviction relief remained pending in state court excluded from the one-year limitations window, *see* 28 U.S.C. § 2244(d)(2).

The Minnesota Court of Appeals on direct appeal affirmed Leatherberry's conviction on May 1, 2017, and the Minnesota Supreme Court declined review of the case on July 18, 2017. *See* Petition at 2 [Dkt. No. 1]. Leatherberry then had 90 days in which to request a writ of certiorari from the Supreme Court of the United States, and when he failed to do so, Leatherberry's direct review concluded on the date the certiorari deadline expired — that is, on October 16, 2017. *See Jihad v. Hvass*, 267 F.3d 803, 804-05 (8th Cir. 2001). Exactly one year later, on October 16, 2018, the one-year limitations period established by § 2244(d)(1)(A) expired. Leatherberry did not file the habeas petition now pending before the Court for another four years—far too late under § 2244(d)(1)(A).

Leatherberry did, however, twice seek postconviction relief in the state courts. *See Leatherberry v. State*, No. A19-1649, 2020 WL 3957249 (Minn. Ct. App. July 13, 2020); *Leatherberry v. State*, No. A21-0663, 2022 WL 1210186 (Minn. Ct. App. Apr. 25, 2022). As mentioned above, any time during which these postconviction petitions were pending in the state courts would be excluded from the one-year limitations window calculated above. *See* 28 U.S.C. § 2244(d)(2). But Leatherberry did not file his first state-court petition for postconviction relief until July 22, 2019. *See Leatherberry*, 2020

3

WL 3957249, at *1. The federal habeas limitations period established by § 2244(d)(1)(A) expired on October 16, 2018. In other words, Leatherberry had already run out of time in which to seek federal habeas relief before he first sought postconviction relief in the state courts. The tolling mechanism of § 2244(d)(2) therefore cannot prevent Leatherberry's petition from being untimely. *See, e.g.*, *Cordle v. Guarano*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (noting that § 2244 "only stops, but does not reset, the [limitations] clock from ticking and cannot revive a time period that has already expired." (Quotation omitted)).

Because Leatherberry's habeas petition was plainly filed outside of the limitations window established by § 2244(d), it is recommended that the petition be summarily denied and this matter dismissed. Finally, because this Court does not believe that "jurists of reason would find it debatable" whether Leatherberry's petition is timely—the petition's untimeliness is obvious from the face of the petition itself—it is further recommended that Leatherberry not be issued a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Robert Earl Leatherberry [Dkt. No. 1] be DENIED.

2. This matter be DISMISSED.

3. No certificate of appealability be issued.

Dated: November 1, 2022  *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).